UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MATTHEW R. GEARY and<br>JULIA E. GEARY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Cause No. 1:20-CV-221-HAB |
| CHASE BANK CARD SERVICES, INC., | )<br>)<br>) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Phishing emails. The Nigerian prince. Catfishing. While most can easily spot the schemes used by digital criminals to separate a person from their money, an alarmingly large segment of society cannot. For those individuals, scammers continue to take licks until the sucker is down to the soggy white stick. The issue before the Court today is who should bear the burden of such monstrous naiveté. Plaintiffs Matthew and Julia Geary have alleged that their credit card company should take the hit, claiming that Defendant Chase Bank Card Services, Inc. ("Chase") breached its contract with the Gearys when it refused to reverse almost $9,000.00 in charges Julia made at the behest of telephone scammers. Chase disagrees, claiming that nothing in its contract requires the relief the Gearys demand. As such, Chase has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(B)(6).

As much as the Court would like to delve into this factually-fascinating dispute, it lacks jurisdiction to do so. When the Gearys complaint first came to this Court via removal, it contained two counts: Breach of Contract and Violation of the Electronic Funds Transfer Act. (*See*, *generally*, ECF No. 6). The sole basis for jurisdiction in this Court was the ETFA claim, triggering

federal question jurisdiction under 28 U.S.C. § 1331.[1] (ECF No. 1 at 3). That claim has now been abandoned by the Gearys. (ECF No. 16 at 5).

As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) ("As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims"); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on the merits"). Yet the court of appeals has discussed "three well-recognized exceptions" to the general rule that "when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright*, 29 F.3d at 1252. As the court has explained, occasionally there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to a federal decision of the state-law claims on the merits." *Id*.

The first example that the court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Wright*, 29 F.3d at 1251. That concern is not present here, however, because Indiana law gives a plaintiff three years from the dismissal on jurisdictional grounds of state law claims in federal court in which to refile those claims in state court. *See* Ind. Code § 34-11-8-1.

---

[1] While it appears that the parties are diverse for the purposes of federal jurisdiction, the amount at issue fails to meet the jurisdictional threshold. *See* 28 U.S.C. § 1332(a).

The second exception recognized in *Wright* applies when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." 29 F.3d at 1251 (quoting *Graf v. Elgin, Joliet & E. Ry. Co.*, 790 F.2d 1341, 1347–48 (7th Cir. 1986)). Here, the Court has done little more than review the parties' briefs and has not delved deeply into the state law claims. *See Davis*, 534 F.3d at 654 ("the district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case"). Thus, while there clearly are instances in which "a district court should exercise supplemental jurisdiction over pendent state law claims for reason of judicial efficiency," *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001), this is not one of them.

The third circumstance to which the court of appeals has pointed in which disposition of pendent state law claims may be appropriate "occurs when it is absolutely clear how the pendent claims can be decided." *Wright*, 29 F.3d at 1251. For example, "[i]f the district court, in deciding a federal claim, decides an issue dispositive of a pendent claim, there is no use leaving the latter claim to the state court." *Id*. In addition, if the state-law claims are "patently frivolous," they should be resolved right away in the federal court. *Id*. However, "[i]f the question whether a state-law claim lacks merit is not obvious, comity concerns may dictate relinquishment of jurisdiction." *Id*. This is a close call. The Court believes that the Gearys claims are likely without merit, but it ultimately concludes that it cannot say with certainty that they are patently frivolous. The Court does not have a copy of the applicable contract, limiting its ability to conduct a meaningful evaluation of the Gearys' breach of contract claim. The parties have gone to great lengths to dispute the meaning of the term "authorized," but without the controlling contractual language it is not

even clear that this disagreement is relevant. The Court may very well be delaying the inevitable but nonetheless concludes that relinquishment of jurisdiction is appropriate.

In sum, the Court concludes that none of the exceptions to the "usual practice" applies in this case. Accordingly, the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss Amended Complaint (ECF No. 10). Count II of the Amended Complaint, alleging a violation of the Electronic Funds Transfer Act, is dismissed with prejudice. Count I, alleging breach of contract, is REMANDED to the Allen Superior Court.

SO ORDERED on July 24, 2020.

                                            s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT